UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARREL WAYNE VANDERGRIFF,

    Plaintiff,

    v.

LYNNE DELANO, *et al.*,

    Defendants.

Case No. C06-5062RBL

ORDER GRANTING LEAVE TO AMEND AND DENYING REQUEST FOR COUNSEL

    This 42 U.S.C. § 2000 action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A), 636(b)(1)(B), and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. The plaintiff has been granted leave to proceed *in forma pauperis.* (Dkt. # 7). Due to a number of confusing filings, the court ordered this case stayed pending direction from plaintiff as to which of his complaints is controlling and which of the various individuals named are defendants. (Dkt. #11). Before the court are plaintiff's responses.

    Plaintiff first clarifies that the original complaint is the controlling complaint and that the court may disregard additional mailings after the filing of the original complaint. (Dkt. # 12 at p. 2). Attached to plaintiff's clarification is a motion for appointment of counsel. (Dkt. #12). On April 14, 2006, plaintiff filed a motion for extension of time to respond to the court's Order of March 8,

ORDER- 1

2006. (Dkt. # 14). In a subsequent filing (Dkt. #16), plaintiff requests that he be able to "start his complaint over 'from scratch.'" In support, plaintiff states that his original complaint was poorly done and that he is presently better informed of the appropriate manner in which to proceed. The court will first address Plaintiff's request for counsel.

1. <u>Request for Counsel</u>

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances. <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1236 (9th Cir. 1984); <u>Aldabe v. Aldabe</u>, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. <u>Wilborn</u>, 789 F.2d at 1331.

Plaintiff has demonstrated an adequate ability to articulate his claims *pro se*. Plaintiff has presented no evidence of exceptional circumstances warranting the appointment of counsel. Plaintiff must be able to show how the legal issues involved are complex and also must make a showing that it is likely he will succeed on the merits. He has not done so. Accordingly, plaintiff's motion to appoint counsel (Dkt. # 12) is **DENIED**.

2. <u>New/Amended Complaint</u>

Plaintiff's request to start completely over cannot be granted absent a dismissal without prejudice. The plaintiff would then have to refile and again request leave to proceed *in forma pauperis*. As an alternative, the court finds that good cause is shown to allow plaintiff additional time to amend his original complaint. At plaintiff's request, plaintiff's first amended complaint (Dkt. # 8) shall be **WITHDRAWN** from the docket. If plaintiff chooses to amend his original complaint (Dkt. #7), he shall have until **June 2, 2006** to do so or face dismissal of this action.

ORDER- 2

3. <u>Extension of Time</u>

In light of this Order, plaintiff's motion for an extension of time to respond to the court's Order of March 8, 2006 (Dkt. #14), is **DENIED AS MOOT**.

DATED this <u>8th</u> day of May, 2006.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge

ORDER- 3