UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DARREL WAYNE VANDERGRIFF,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LYNNE DELANO, *et al*,<br><br>　　　　Defendants. | Case No. C06-5062 RJB/KLS<br><br>ORDER DENYING MOTIONS FOR RECONSIDERATION AND FOR APPOINTMENT OF COUNSEL |

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the court is plaintiff's motion for reconsideration of the court's previous order denying plaintiff's motion for appointment of counsel (Dkt. # 81), and a second motion for appointment of counsel (Dkt. # 82). Having reviewed both motions, the court finds and **ORDERS**:

　　　　(1)　　Plaintiff's motion for reconsideration (Dkt. # 81) is **DENIED.** Motions for reconsideration are disfavored and will ordinarily be denied in the "absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to the court's attention earlier with reasonable diligence." Local Rule CR 7(h)(1). Here, plaintiff has identified no error in the court's order, nor presented any new facts or legal authority that suggest reconsideration is appropriate. As plaintiff has been previously advised, there is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the

ORDER - 1

1  court may do so only in exceptional circumstances.  <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331
2  (9th Cir. 1986); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1236 (9th Cir. 1984); <u>Aldabe v. Aldabe</u>, 616
3  F.2d 1089 (9th Cir. 1980).  A finding of exceptional circumstances requires an evaluation of both the
4  likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light
5  of the complexity of the legal issues involved.  <u>Wilborn</u>, 789 F.2d at 1331.

6  (2)  Plaintiff has demonstrated an adequate ability to articulate his claims *pro se*.
7  Moreover, it appears that this case does not involve exceptional circumstances which warrant
8  appointment of counsel.  Plaintiff argues that now that he has been moved to a facility that has no
9  law library, his need for counsel is greater.  Lack of a law library at plaintiff's facility, however, does
10 not amount to an exceptional circumstance.  Accordingly, plaintiff's second motion to appoint
11 counsel (Dkt. # 82) is **DENIED**.

12 (3)  The Clerk is directed to send copies of this Order to plaintiff and counsel for
13 Defendants.

15  DATED this   7th   day of September, 2006.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2