UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DARREL VANDERGRIFF,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LYNNE DeLANNO, *et al.*,<br><br>　　　　Defendants. | Case No. C06-5062 RBL/KLS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF DISCOVERY AND PRETRIAL SCHEDULING ORDER |

This 42 U.S.C. § 1983 Civil Rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. §§ 636(b) and Local MJR 1, 3, 4. Plaintiff asks to extend discovery and the Pretrial Scheduling Order for sixty days. (Dkt. # 93). In addition, Plaintiff asks the Court to reconsider its prior denial of his request for counsel. After careful review of Plaintiff's motions, the Court finds that they should be denied.

## I. DISCUSSION

**A.　Request for Extension of Time**

Plaintiff's Complaint was filed on February 22, 2006 (Dkt. # 7), and subsequently amended prior to service on May 31, 2006 (Dkt. # 19). The Court's Scheduling Order was entered on

ORDER

September 7, 2006. (Dkt. # 87). Plaintiff filed his motion for extension of time on February 9, 2007. (Dkt. # 93). Plaintiff claims he cannot participate in discovery because he is housed at the Coyote Ridge Corrections Center, which does not have a full law library. (Id.). Plaintiff seeks to have the Court extend the discovery deadline for sixty days.

Since entry of the Court's Scheduling Order over five months ago, Plaintiff has conducted no discovery and fails to explain why the original six month time frame allowed by the Court was inadequate to conduct discovery. Although Plaintiff complains that he does not have access to a law library, Plaintiff has not explained why he needs access to the law library to conduct discovery. Plaintiff has also not described what discovery he seeks from Defendants.

Finally, Plaintiff has not contacted Defendants' counsel to discuss any discovery issues. The parties have a good faith obligation to discuss discovery before seeking relief from the Court, including requests for continuances.

### B.    Plaintiff's Request for Reconsideration of Denial of Counsel

Plaintiff again requests this Court to reconsider appointing counsel. (*See* Dkt. # 93, p. 2). Plaintiff's first request for counsel was denied on May 8, 2006. (Dkt. # 18). Plaintiff's request for reconsideration was denied on September 7, 2006. (Dkt. # 84). Plaintiff's appeal of this Court's Order was denied by the District Court on November 11, 2006. (Dkt. # 92). The Court is troubled by Plaintiff's repeated motions, in which Plaintiff simply sets forth the same facts and arguments, which the Court has now considered and ruled upon several times. Plaintiff has failed to show manifest error in the prior rulings or a showing of new facts or legal authority. Under Rule 11 of the Federal Rules of Civil Procedure, Plaintiff's signature on a pleading is an indication that the motion is brought in good faith and is not designed to needlessly increase the cost of litigation.

ORDER

1  Therefore, the Court will entertain no future motions for reconsideration of this same issue.

2  Plaintiff's failure to heed the Court's instructions may result in sanctions, which may include costs,

3  monetary sanctions, and possibly dismissal of the action

4  ACCORDINGLY, Plaintiff's motion for extension of time and reconsideration (Dkt. # 93) is

5  **DENIED.**

6  The Clerk of the Court is directed to serve a copy of this Order on Plaintiff and counsel for

7  Defendants.

8

9

10  DATED this 23rd day of February, 2007.

11

12

13

14  Karen L. Strombom
United States Magistrate Judge

15

ORDER