UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DARREL W. VANDERGRIFF,<br><br>                Plaintiff,<br><br>   v.<br><br>LYNNE DELANO, *et al.*,<br><br>                Defendants. | CASE NO. C06-5062BHS<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

      This matter comes before the Court on Plaintiff's Motion for Summary Judgment (Dkt. 124) and Plaintiff's Motion for Appointment of Counsel (Dkt. 125). The Court has considered the pleadings filed in support of and in opposition to the motions and hereby denies the motions for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

      Plaintiff's amended civil rights complaint alleges that Defendants violated his civil rights by withholding and tampering with his legal materials, refusing to make copies, removing him from a computer class and from his position as a recreation attendant, threatening him with infractions for "non-infractionable" acts, assaulting him, and transferring him to a different facility. Dkt. 19.

      On April 6, 2007, Defendants moved for summary judgment seeking dismissal of Plaintiff's claims. Dkt. 99. The motion was granted in part and denied in part. Dkt. 106. Plaintiff's claims, with the exception of his excessive force claim against three defendants, were dismissed with prejudice. Dkt. 106. Plaintiff's excessive force claim was dismissed without

ORDER - 1

1  prejudice as to Defendants Barnes and Bernard for failure to effect service. As to Defendant
2  Foulkes, the motion was denied. *Id.* Defendant Barnes has appeared by counsel and waived
3  formal service of process. Dkt. 119. Therefore, there remains one claim (excessive force) against
4  two defendants (Barnes and Foulkes) for resolution.

5      Two motions are currently pending before the Court. First, Plaintiff moves for an order
6  appointing counsel to represent him. Dkt. 125. Second, Plaintiff moves for summary judgment as
7  to Defendant Barnes. Dkt. 124.

## II. DISCUSSION

### A. APPOINTMENT OF COUNSEL

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(e), can request counsel to represent a party proceeding in forma pauperis, the Court may do so only in exceptional circumstances. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff fails to demonstrate exceptional circumstances that warrant appointment of counsel. Plaintiff has demonstrated an adequate ability to articulate his claims pro se. The remaining legal issues are narrow and are not complex. Plaintiff asserts no difficulty in articulating his claims other than that attendant to his detention. In addition, Plaintiff does not demonstrate a likelihood of success on the merits. The Motion for Appointment of Counsel (Dkt. 125) is therefore denied.

### B. SUMMARY JUDGMENT

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the

1  nonmoving party fails to make a sufficient showing on an essential element of a claim in the case
2  on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317,
3  323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could
4  not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v.*
5  *Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific,
6  significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P.
7  56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence
8  supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions
9  of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v.*
10 *Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

11      The determination of the existence of a material fact is often a close question. The Court
12 must consider the substantive evidentiary burden that the nonmoving party must meet at trial –
13 e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec.*
14 *Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of
15 the nonmoving party only when the facts specifically attested by that party contradict facts
16 specifically attested by the moving party. The nonmoving party may not merely state that it will
17 discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial
18 to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*.
19 Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be
20 presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

21      Plaintiff seeks summary judgment as to his excessive force claim against Defendant
22 Barnes. Dkt. 124. Defendant Barnes opposes Plaintiff's motion on three grounds. *See* Dkt. 127.

23      First, Defendant Barnes opposes the motion on the grounds that the motion is not
24 accompanied by supporting documentation. Dkt. 127 at 2. Mr. Vandergriff need not file
25 affidavits in support of his motion, however. *See* Fed. R. Civ. P. 56(a) ("A party seeking to
26 recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may . . .
27 move with or without supporting affidavits for a summary judgment in the party's favor upon all
28

ORDER - 3

or any part thereof."). Moreover, as detailed in the Report and Recommendation (Dkt. 102), Mr. Vandergriff's previously-filed declaration signed under penalty of perjury is sufficient to create a genuine issue of material fact as to whether Defendant Barnes used excessive force. Dkt. 100-2 (Plaintiff's declaration); Dkt. 102 at 3 (Report and Recommendation detailing factual dispute).

Second, Defendant Barnes contends that her answer creates a genuine issue of material fact for trial. Dkt. 127 at 2. The answer is not signed by Defendant Barnes, and the response is not accompanied by a declaration or affidavit.

Finally, Defendant Barnes contends that Plaintiff cannot waive discovery on her behalf. Dkt. 127 at 2-3. Defendant Barnes has only recently been made a party to this action and apparently wishes to engage in discovery. In light of this matter's procedural posture with respect to Defendant Barnes, summary judgment would be premature.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt. 124) is **DENIED WITHOUT PREJUDICE** and Plaintiff's Motion for Appointment of Counsel (Dkt. 125) is **DENIED**.

DATED this 30th day of November, 2007.

BENJAMIN H. SETTLE
United States District Judge